IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE M. ALLOWAY, )
        Plaintiff, )
         )
   v. ) 2:O9-CV-1053
         )
         )
COMMISSIONER OF SOCIAL )
SECURITY, )
        Defendant. )

## MEMORANDUM and ORDER

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion for summary judgment (Dkt # 32) will be denied; the defendant's motion for summary judgment (Dkt # 34) will be granted and the determination of the Commissioner will be affirmed.

On September 2, 2009, Florence M. Alloway, by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

On July 8, 2005, the plaintiff filed an application for disability benefits alleging that she had been disabled since January 31, 2004 (R.31-33, 36-39), and benefits were denied on October 6, 2005 (R. 26-30). On December 2, 2005, the plaintiff requested a hearing (R.26-30) and pursuant to that request a hearing was held on January 30, 2007 (R.185-226). In a decision dated March 29, 2007, benefits were denied (R.7-18), and on June 1, 2007, reconsideration was

requested (R.6). Upon reconsideration and in a decision dated March 28, 2009, the Appeals Council affirmed the prior determination (R.3-5). On September 2, 2009, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008), and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on January 30, 2007 (R.185-226), the plaintiff appeared with counsel (R.187) and testified that she was thirty years old and had a college degree in secondary education (R.188-189); that she worked as a secretary, dermatology technician and Avon saleswoman (R.197); that she was fired from her secretarial work in January 2004 (R.197,202) and that she is receiving medical assistance (R.190).

The plaintiff also testified that she can walk for five to ten minutes, stand for an hour and sit for twenty minutes (R.192); that she is being treated for high blood pressure, fibromyalgia,

depression, stomach pain and a sinus condition for all of which she takes medication (R.193-194); that she is unable to work due to her fibromyalgia and diarrhea (R.199); that she experiences balance difficulties which require her to return to bed two or three times a week (R.204); that she does very little around the house (R.204,208-211); that she attends a pain clinic (R.205) and that her medications make her sleepy (R.207).

The plaintiff's boyfriend testified that he had been the plaintiff's coworker; that her performance was stellar and then began to decline (R.213) and that the plaintiff does very little around the house (R.214,217).

At the hearing, Judy Scholleart was called upon to testify as a vocational expert (R.221-225). She characterized the plaintiffs past work as sedentary to light in nature (R.22). When asked to assume an individual of the plaintiff's age, education and training who was limited to light work with postural limitations and avoiding production environments, the witness testified that such an individual could not perform the plaintiff's prior work (R.222-223), but that there were a large number of other jobs which such an individual could perform (R.223). The same was said to be true if the individual was limited to sedentary work (R.223-224). However, the witness also testified that if the individual had to take excessive frequent breaks, she could not be employed (R.225).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff was treated at the Westmoreland Regional Hospital between January 17, 2002 and March 7, 2002 at which time no significant findings were noted (R.77-83).

The plaintiff had an eye examination on September 25, 2003 (R.84-85).

The plaintiff was treated by Dr. Debra K. Weiner between January 2, 2003 and May 19, 2005 for fibromyalgia, myofascial pain, depression, carpal tunnel syndrome and hypertension. Medication was prescribed as well as a wrist splint and an exercise program (R.94-127).

In a residual functional capacity evaluation completed on September 30, 2003, it was noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds and sit, stand or walk for about six hours (R.130-136).

In a psychiatric review completed on October 3, 2005, a non-severe affective disorder marked by depression was said to be present. The limitations imposed ranged from none to mild (R.137-149).

The plaintiff was treated by Dr. Karen Lazzaro between December 30, 2005 and March 22, 2006 for fibromyalgia and constant pain, hypertension, depression, irritable bowel syndrome, chronic sinusitis and hyperlipidemia. Medication was prescribed (R.154-162).

The plaintiff had chiropractic adjustments performed between November 30, 2005 and May 22, 2006 for fibromyalgia (R.150-162).

The plaintiff was treated by Dr. Karen K. Lazzaro between December 9, 2002 and June 12, 2006 for hypertension, depression and fibromyalgia. Medication and a wrist splint were prescribed (R.86-93, 163-174).

The plaintiff was treated by various physicians between November 12, 2004 and July 28, 2006 for depression, fibromyalgia, gastritis and positional vertigo most likely due to her numerous medications (R.175-181).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. <u>Baerga</u> v. <u>Richardson</u>, 500 F.2d 309 (3d Cir. 1974). As the court stated in <u>Bittel</u> v. <u>Richardson</u>, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In <u>Good</u> v. <u>Weinberger</u>, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> <u>Bittel</u> seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual

6

functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since January 31, 2004, the alleged onset date...
>
> 3. The claimant has the following severe impairments: fibromyalgia, carpal tunnel syndrome, and depression...
>
> Her fibromyalgia has not met any specific listing in Appendix 1, nor has it been accompanied by objective signs and findings of an inflammatory arthritis as described in section 14.09... Her carpal tunnel syndrome has not resulted in an inability to perform fine fingering or gross manipulation effectively meeting section 11.02B. For the purpose of this evaluation the undersigned finds that [her] depression meets the "A" criteria of section 12.04, but there is no evidence that it has resulted in the requisite number of marked or extreme functional limitations meeting the "B" criteria. Claimant testified that she takes care of her own personal needs, takes care of multiple pets, goes shopping, visits with friends, and goes out to dinner. She denied problems with people in authority, and though she reported problems with concentration and task completion, she allowed that she has no

problems following instructions and does not need reminders, indicative of no more than mild limitations in activities of daily living and social functioning, and moderate limitations in concentration, persistence or pace. There is no evidence of decompensation or the presence of the "C" criteria.

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a significant range of light work... Nonexertionally, she can perform simple, routine, repetitive tasks that [are] not performed in a fast-paced production environment, involving more than simple work-related decisions, or involving more than relatively few work-place changes.

* * *

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible...

Treatment records reflect the claimant's subjective complaints of pain in her low and mid back, neck, chest, shoulder blades, and legs, fatigue, numbness in her fingers, and occasional positional vertigo and dizziness... Moreover, the claimant allowed that despite her pain and other symptoms she lives in a two-story home and climbs the stairs about a dozen times a day; she takes care of her own personal needs and the needs of multiple pets; she performs light household chores, does laundry, and shops, and she is able to carry two to three bags of groceries at a time. She allowed that she can use a television remote and eating utensils, tie shoes, button buttons, and type, and she informed treating sources that she remains fairly active and spends a lot of time on the computer. Those findings and activities serve to convince the undersigned that the claimant is able to interact with others and understand, remember and carry out simple instructions on a sustained basis. However, giving credence to her subjective complaints the undersigned finds that she is limited to jobs that are not performed in a fast-paced production environment or that involve more than simple work-related decisions or more than relatively few work-place changes...

For all the above-noted reasons the undersigned finds that the claimant's symptoms are not as severe or frequent as alleged [and] do not preclude the performance of a significant range of light work.

***

Based on the evidence and testimony of the vocational expert, the undersigned concludes that the claimant has acquired work skills from past relevant work that

are transferable to other occupations with jobs existing in significant numbers in
the national economy.

Accordingly, although the claimant's additional limitations do not allow the
claimant to perform the full range of light work, considering the claimant's age,
education and transferable work skills, a finding of "not disabled" is appropriate...
(R.12-17).

The record demonstrates that although the plaintiff suffers from fibromyalgia, carpal tunnel syndrome and depression, she still is able to perform activities of daily living although at a reduced pace. In addition, the medical evidence demonstrates that the severity of the plaintiff's allegations do not comport with the objective medical evidence. Since credibility determinations are within the province of the Commissioner, Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir.2009), where as here they are supported by the record, they are entitled to deference. Accordingly, since the determination is supported by substantial evidence, the conclusions are appropriately drawn.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. Azur v. Chase, 601 F.3d 212 (3d Cir. 2010). In the instant case, there are no material factual issues in dispute, and the Commissioner's conclusion is supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted; the determination of the Commissioner will be affirmed and judgment will be entered accordingly.

ORDER

AND NOW, this 7th day of March, 2011, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (Dkt No. 32) is denied; the defendant's motion for summary judgment (Dkt No. 34) is granted and the determination of the Commissioner is affirmed. Judgment will be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge